[No. 16705. Department Two. October 31, 1921.]

THE STATE OF WASHINGTON, *on the Relation of the City of Yakima, Appellant,* v. E. V. KUYKENDALL *et al., Respondents.*[1]

WATERS AND WATER COURSES (78)—WATER COMPANIES—FRANCHISE —LOCATION AND SECURITY OF MAINS—POWERS OF PUBLIC SERVICE COMMISSION—EVIDENCE—SUFFICIENCY. Assuming that the state department of public works has jurisdiction to interfere with water mains laid in city streets in accordance with a franchise, no occasion therefor is shown by evidence that a city desiring to lay a hard surface pavement in one of its streets, demanded that the water company replace its wooden by iron mains or shift the mains to a parking strip, it appearing that the principal leakages had been from a main whose use had been discontinued, or from service pipes whose system of connections had been so altered as to diminish leakage to a negligible quantity, and that in the event of leakage the company

[1]Reported in 201 Pac. 777.

could take care of it without serious interference with the hard surface pavement.

Appeal from a judgment of the superior court for Thurston county, Wilson, J., entered June 18, 1921, affirming an order of the public service commission, after a hearing upon certiorari. Affirmed.

*Thomas E. Grady* and *Vance & Christensen,* for appellant.

*The Attorney General, Raymond W. Clifford, Assistant, John A. Laing,* and *Henry S. Gray,* for respondents.

MACKINTOSH, J.—The Pacific Power & Light Company, a public service corporation operating a water plant in Yakima, some thirteen or fourteen years ago laid a twelve-inch wooden pipe on 16th avenue in that city. In 1920, the city became desirous of paving 16th avenue, and requested the power company to remove the wooden main and either substitute therefor an iron main or, in the alternative, place the wooden one in the parking strip adjoining the roadway proper, for the reason that, as the city claimed, the wooden main frequently leaked, and in order to make repairs it will be necessary to tear up the pavement, with resulting injury thereto. The power company refused to comply with the city's demand, and application was made to the public service commission (now the department of public works) for the purpose of compelling the power company to accept one of the two alternative changes. On the hearing before the department, the application was dismissed, and thereafter a writ of review was sued out to the superior court, where the action of the department was affirmed, and from this judgment of the superior court, an appeal has been brought here.

Section 70, ch. 117, p. 584, Laws of 1911; Rem. Code, § 8626-70 (P. C. § 5597), under which the proceeding has been brought, is as follows:

"Whenever the commission shall find, after hearing had upon its own motion or upon complaint, that repairs or improvements to, or changes in, any gas plant, electrical plant or water system ought to be made, or that any additions or extensions should reasonably be made thereto, in order to promote the security or convenience of the public or employees, or in order to secure adequate service or facilities for manufacturing, distributing or supplying gas, electricity or water, the commission may enter an order directing that such reasonable repairs, improvements, changes, additions, or extensions of such gas plant, electrical plant or water system be made."

The department of public works found that the wooden pipe was reasonably sufficient for the purpose of carrying water, and furnished adequate service and facility, and further found that it had no authority to order a change in a pipe which had been laid under a franchise, even though it might be possibly, on account of its leaking, a detriment to the pavement, by weakening the foundations so that the pavement itself might be damaged, or occasion injury to persons using it.

On the one hand, it is claimed that the section which we have quoted gives the department of public works no jurisdiction in cases of this kind, for the reason that the section is concerned primarily with the public service furnished by the company, and with the contract or relations between the company and the public in respect to the service. In other words, that the department of public works is not granted the power to modify a franchise relating to the manner of occupying public streets or to require changes in equipment, except such changes as are reasonably necessary to furnish adequate service, or to provide safety for the

public or employees in the furnishing of such service.

On the other hand, it is claimed that the language of the act, "in order to promote the security or convenience of the public or employees," gives the department jurisdiction to determine controversies between a municipality and a public service corporation in regard to the character of the equipment it must maintain on public streets in order to promote the security and convenience of the public.

As we view the record in this case, it is not necessary to determine whether the department of public works has jurisdiction or not to pass upon the question whether the public functions of the utility are here involved, or whether it is necessary, in order for the department to have jurisdiction, that the matter be one of more than the violation of some private or contractual right, even though it may be one of public interest.

From a reading of the testimony introduced before the department, and the department's findings thereon, it satisfactorily appears that the condition of the wooden pipe complained of in no event necessitated its removal in order to promote the security or convenience of the public, giving that phrase the full meaning contended for by the city. The testimony is clear that the leaks which have heretofore taken place in the avenue were, for the most part, those which were occasioned by another main the use of which is now discontinued, or those in service pipes which were occasioned by the manner of their connection with the twelve-inch main; and that these connections now have been lowered and attached in a different manner and protected by insulation, and that, since the installation of the new system of connections, the number of leakages has diminished to a negligible quantity.

The evidence is that, under the old manner of connections, leakages would have just as frequently occurred had the main been of metal. It furthermore appears that the main is so located that in the event leaks should occur they could be taken care of without any serious interference with the hard surface pavement which it is proposed to construct. With the record in this condition, even assuming the department of public works has jurisdiction to interfere with construction in city streets made in accordance with the franchise, still the facts do not justify the action asked by the city, and the conclusions of the department and of the superior court are affirmed.

Parker, C. J., Main, Holcomb, and Hovey, JJ., concur.